**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>   Plaintiff,<br><br>     v.<br><br>INVITATION HOMES INC., a corporation,<br><br>   Defendant. | Case No. 1:24-cv-04280-SEG<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief ("Complaint"), for a permanent injunction, monetary relief, and other relief in this matter, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 521 of the Gramm-Leach-Bliley Act ("GLB Act"), 15 U.S.C. § 6821. The Commission and Defendant stipulate to the entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

### FINDINGS

1.    This Court has jurisdiction over this matter.

2.    The Complaint charges that Defendant participated in deceptive and

unfair acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the GLB Act, 15 U.S.C. §§ 6821 *et seq.*, in its Home Rental Services, including by charging mandatory undisclosed junk fees, misrepresenting when it withholds security deposits and unfairly withholding security deposit refunds owed to former residents, misrepresenting its home inspection and maintenance practices, and steering residents away from eviction protections during the COVID-19 pandemic.

3.    Defendant neither admits nor denies any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendant admits the facts necessary to establish jurisdiction.

4.    Defendant waives any claim that it may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear its own costs and attorney fees.

5.    Defendant waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.    "**Clear(ly) and conspicuous(ly)**" means that a required disclosure is difficult to miss (i.e., easily noticeable) and easily understandable by ordinary consumers, including in all of the following ways:

1.    In any communication that is solely visual or solely audible, the

disclosure must be made through the same means through which the communication is presented.  In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which

the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

B.    "**Defendant**" means Invitation Homes Inc. and its predecessors, successors, and assigns.

C.    **"Home Rental Services"** means all goods and services related to leasing or managing any Property, including but not limited to advertising, marketing, promoting, offering, or maintaining any Property.

D.    **"Pricing Information"** means any information related to an amount a consumer must pay.

E.    **"Property"** means any residential property that Defendant owns, whether in whole or in part; offers for rent; manages; or for which it provides any goods or services related to leasing or managing the property by agreement with a

4

third party.

F.    **"Total Monthly Leasing Price"** means the entire monthly amount to lease a Property, including all recurring mandatory fees or recurring mandatory charges associated with the Property.

## ORDER

## I.    PROHIBITION AGAINST MISREPRESENTATIONS

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Home Rental Services, are permanently restrained and enjoined from:

A.    Misrepresenting, expressly or by implication:

1.    the Total Monthly Leasing Price;

2.    Pricing Information;

3.    the existence or amount of any fees, charges, or costs to be paid by consumers;

4.    whether such fees, charges, or services are optional or required;

5.    the nature and purpose of any fee that Defendant charges to consumers;

6.    that Properties pass an inspection before a consumer moves in;

7.    the condition of the Property;

8.    whether and to what extent Defendant provides emergency maintenance;

9.    the circumstances under which Defendant will deduct amounts from a consumer's security deposit or charge a consumer for amounts exceeding a consumer's security deposit, including how and whether a consumer will be charged for damages to the Property;

10.    that consumers owe amounts that are not their responsibility;

11.    any other material aspect of Defendant's Home Rental Services.

B.    Making any representation, expressly or by implication, about the quality, nature, availability, or safety of its Properties or services, unless the representation is non-misleading, and, at the time such representation is made, Defendant has a reasonable basis for making such representation, including by possessing and retaining comprehensive and accurate information to substantiate that the representation is true.

C.    Failing to display the Total Monthly Leasing Price more prominently than any other Pricing Information, *provided, however*, that this provision does not apply to responses to a resident's inquiries about a specific or itemized fee or charge.

D.    Failing to disclose, Clearly and Conspicuously, each and every time Defendant displays or discloses any fee or charge, the nature and purpose of the fee or

6

charge, the amount of the fee, and whether the fee, charge, or service is mandatory, *provided, however*, that this provision does not apply to responses to a resident's inquiries about a specific or itemized fee or charge.

E.      Failing to disclose, Clearly and Conspicuously, each and every time Defendant displays or discloses that consumers using Defendant's Home Rental Services will pay a Total Monthly Leasing Price:

1.      all additional fees the consumer may incur as a result of using any of Defendant's goods or services; or

2.      any other fact material to consumers concerning the good or service, such as: any material restrictions, limitations, or conditions; or any material aspect of the performance, efficacy, nature, or central characteristics of the Property;

*Provided, however*, that this provision does not apply to responses to a resident's inquiries about a specific or itemized fee or charge.

## II.    PROHIBITION AGAINST IMPROPER CHARGES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Home Rental Services, are permanently restrained and enjoined from:

7

A.      withholding any money from a consumer's security deposit or otherwise charging a consumer for damages to the Property, unless: (i) the consumer caused damage to the Property beyond normal wear and tear; (ii) the amount withheld from the security deposit equals the actual amount of damages suffered by Defendant for which the consumer's action or inaction is the cause; and (iii) Defendant actually uses the amount withheld and charged to repair such damage;

B.      withholding any amount from a consumer's security deposit or otherwise charging a consumer for any costs or expenses, including for materials or labor, under the following circumstances:

1.      for maintenance, repairs, cleaning, painting, replacements, or improvements attributable to any conditions that existed at the Property on the date the consumer took possession of the Property;

2.      for maintenance, repairs, cleaning, painting, replacements, or improvements, unless the costs charged to the consumer were necessarily incurred because of conditions that are not attributable to normal wear and tear;

3.      for any costs associated with checking or assessing the condition of a Property to determine whether any maintenance, repairs, cleaning, painting, replacements, or improvements may be necessary or desired, unless such check or assessment is due to damages caused by the consumer that are

not attributable to normal wear and tear; or

      4.    for any costs associated with capital improvements, renovations, remodels at a Property, or with replacing existing fixtures, appurtenances, or fittings with fixtures, appurtenances, or fittings of upgraded quality (*e.g.,* including upgraded fittings of a different type, such as replacing carpet with flooring), unless such costs are due to damages caused by the consumer that are not attributable to normal wear and tear and do not exceed the replacement cost of the original material; provided, moreover, that such costs shall include any fees paid to third parties to manage the work performed; and

C.    failing to provide the consumer, no later than when Defendant issues or denies a security deposit refund (whether in whole or in part), with an itemized statement detailing and explaining what each amount charged to a consumer's account and/or deducted from a consumer's security deposit is charged for and the specific basis for why the consumer is responsible for each charge.

## III.    SECURITY DEPOSIT REFUND POLICIES AND PROCESS

IT IS FURTHER ORDERED that Defendant must establish and enforce the following policies and procedures to its security deposit refund process relating to resident-responsible damages:

A.    <u>Security Deposit Withholding Standards and Training</u>

      1.    Defendant must ensure that any employee, contractor, agent, or

person authorized to decide whether to withhold any amount from a consumer's security deposit or otherwise charge a consumer for any costs, including costs of materials or labor, for maintenance, repairs, cleaning, painting, replacements, or improvements is annually trained on compliance with applicable state and local laws and regulations relating to security deposits and on the injunctive terms of this Order.

2.    For five years from the Effective Date, Defendant must annually provide the FTC with any written training or educational materials or similar written guidance provided to such persons with respect to the subject matter referenced above.

B.    Records of Inspections

1.    Defendant must maintain all records and photographs from any Property inspection (*e.g.*, Quality Assurance Inspections before move-ins, Pre-Move-Out inspections, Move-Out inspections), performed by Defendant for at least three years after the end of the tenancy during which the inspection occurred (or, if an inspection occurs in between tenancies, for at least two years following the end of the tenancy that begins after the inspection occurs) or for at least three years following any Property inspection, whichever is longer.

2.    Defendant must deliver copies of all records and photographs identified in the previous paragraph pertaining to a resident's specific tenancy to a current or former resident of the Property at issue at the consumer's

request.

C.    Documentation of Conditions Relating to Security Deposit Withholding or Charges to Consumers

1.    Whenever Defendant performs any maintenance, repairs, cleaning, painting, replacements, or improvements after a consumer has relinquished possession of a Property and Defendant has reason to believe that any portion of the cost of such work may be withheld from the consumer's security deposit or otherwise charged to the consumer, Defendant must maintain all records of the work performed and photographs showing the conditions prior to the next consumer's move-in.

2.    Defendant must maintain such records and photographs for at least three years following the date when the maintenance, repairs, cleaning, painting, replacements, or improvements occurs or when such costs are withheld from the consumer's security deposit or otherwise charged to the consumer, whichever is longer.

3.    Defendant must deliver copies of all records and photographs identified in this subsection pertaining to a resident's specific tenancy to a current or former resident at the consumer's request.

IV.    REPORTING TO CONSUMER REPORTING AGENCIES

IT IS FURTHER ORDERED that Defendant must, within 30 days of receiving

11

notice from a consumer at either of the email or physical addresses specified by Defendant for such notice or otherwise becoming aware of any potentially erroneous charges for any amount reported to a consumer reporting agency that a consumer did not actually owe, unless Defendant has written verification of the debt and provides such verification to the consumer:

     A.    directly communicate to the consumer reporting agency that the debt was inaccurate and request that each consumer reporting agency delete such amount from the consumer's credit reporting file and instruct any debt collector that reported the information to a consumer reporting agency to request that each consumer reporting agency delete such amount from the consumer's credit reporting file; and

     B.    for any debts that were sold or referred to any debt buyer or debt collector, communicate to the debt buyer or debt collector that the debt was illegitimate, confirm that the debt buyer or debt collector will immediately stop all attempts to collect that debt, and reacquire the debt.

## V.    INJUNCTION CONCERNING UNFAIR EVICTION PRACTICES

    IT IS FURTHER ORDERED that Defendant and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Home Rental Services, are hereby permanently restrained and enjoined from:

A.      failing to notify consumers via a direct means of communication (such as phone call, text message, email, or other means requested by the consumer) of any reasonably identifiable form of rent-, renter-, or rental-related assistance or resources provided by federal, state, or local law that may reasonably apply to the consumer; or

B.      pursuing an eviction against any consumer after the consumer has vacated the Property after providing notice to Defendant, unless such an eviction proceeding is required under governing law and is limited to (i) recovering any unpaid amounts and damages for which a vacating resident is responsible; (ii) addressing and disposing of personal property left by a vacating resident; or (iii) determining whether a resident has in fact vacated the Property notwithstanding any notice provided to Defendant.

## VI.    INJUNCTION RELATING TO OBTAINING CUSTOMER FINANCIAL INFORMATION

IT IS FURTHER ORDERED that Defendant and Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A.      Obtaining or attempting to obtain customer information of a financial institution (including bank account routing number, account number, log-in credentials, private keys, or cryptocurrency wallet information) from a consumer by making false, fictitious, or fraudulent representations to any consumer or financial

institution; or

B.      Violating the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809, §§ 6821-6827, a copy of which is attached.

## VII.   MANDATED DATA DESTRUCTION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with Home Rental Services, are permanently restrained and enjoined from directly or indirectly:

A.      Disclosing, using, or benefitting from customer information that enables access to a customer's account at a financial institution (including a credit card, bank account, or other financial account) that Defendant obtained prior to entry of this Order in connection with Home Rental Services, unless the information is necessary to provide Home Rental Services or Defendant otherwise has a customer's express recorded consent.

B.      Failing to destroy such customer information in all forms in its possession, custody, or control within 45 days after receipt of written direction to do so from a representative of the Commission;

*Provided, however*, that customer information need not be destroyed to the extent requested by a specific customer as to its own information, a government

14

agency, or required by law, regulation, or court order, and further that Defendant must inform the Commission whether the customer information is retained or destroyed.

## VIII.  MONETARY RELIEF JUDGMENT

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Forty-Eight Million Dollars ($48,000,000.00) is entered in favor of the Commission against Defendant, as monetary relief.

B.      Defendant is ordered to pay to the Commission Forty-Eight Million Dollars  ($48,000,000.00), which, as Defendant stipulates, its undersigned counsel holds in escrow for no purpose other than payment to the Commission.  Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions previously provided by a representative of the Commission.

## IX.    ADDITIONAL MONETARY PROVISIONS

IT IS FURTHER ORDERED that:

A.       Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

B.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a

proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

C.      The facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

D.      Defendant acknowledges that its Taxpayer Identification Number (Social Security Number or Employer Identification Number), which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

E.      All money received by the Commission pursuant to Section VIII of this Order ("Monetary Relief Judgment") may be deposited into a fund administered by the Commission or its designee to be used for consumer relief, such as redress and any attendant expenses for the administration of any redress fund.  If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, the Commission may apply any remaining money for such related relief as it determines to be reasonably related to Defendant's practices alleged in the Complaint.  Any money not used for relief is to be deposited to the U.S. Treasury. Defendant has no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

16

## X.    CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys and all others in active concert or participation with any of them, who receive notice of this Order are permanently restrained and enjoined from directly or indirectly failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.  Defendant represents that they have provided this redress information to the Commission.  If a representative of the Commission requests in writing any information related to redress, Defendant must provide it, in the form prescribed by the Commission, within 14 days.

## XI.    ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendant obtains acknowledgment of receipt of this Order:

A.    Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.    For 10 years after entry of this Order, Defendant must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for Home Rental Services and all agents and representatives who participate in leasing, advertising, marketing, security deposits, or evictions; and (3) any business entity resulting from any change in

structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant makes timely submissions to the Commission:

A.      One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including Home Rental Services; (d) describe in detail whether and how Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.      For 10 years after entry of this Order, Defendant must submit a

compliance notice, sworn under penalty of perjury, within 14 days of any change in the following: Defendant must report any change in: (a) any designated point of contact; or (b) the structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.     Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject

19

line must begin:  FTC v. Invitation Homes, Matter No. 2023170.

## XIII.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years.

Specifically, Defendant must create and retain the following records:

A.     accounting records showing the revenues from all goods or services sold;

B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests captured on Defendant's corporate platforms, systems, and devices that are received in the ordinary course of business, any response, and all material documents, including related communications;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

E.     a copy of each unique advertisement, including each home listing on Defendant's website, or other marketing material concerning Home Rental Services; *provided, however*, that if the advertisement is a dynamically generated home listing, the Company shall instead retain a copy of each materially unique template or material change to any template plus at least one copy of each materially different

home listing; and

F.      any agreement or contract with independent contractors or other third-party vendors providing maintenance or inspection services, provided that any such contract or agreement reflects the contractor's or vendor's name, addresses, telephone numbers, types of services provided, and dates of service.

## XIV.  COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of the Commission, Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, the Commission is authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel

present.

C.      The Commission may use all other lawful means, including posing,

through its representatives as consumers, suppliers, or other individuals or entities, to

Defendant or any individual or entity affiliated with Defendant, without the necessity

of identification or prior notice.  Nothing in this Order limits the Commission's lawful

use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C.

§§ 49, 57b-1.

## XV.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter

for purposes of construction, modification, and enforcement of this Order.

**SO ORDERED this 27th day of September, 2024.**

_____
UNITED STATES DISTRICT JUDGE

**SO STIPULATED AND AGREED:**
**FOR PLAINTIFF:**
**FEDERAL TRADE COMMISSION**


_____                    Date: ___9/24/24___

MICHAEL A. BOUTROS
ROBIN L. ROCK
MARGUERITE MOELLER
CHRISTOPHER GLEASON
NATALYA RICE
Federal Trade Commission
Southeast Regional Office
233 Peachtree St., Suite 1000
Atlanta, GA 30303
Phone: (404) 656-1351 (Boutros)
Phone: (404) 656-1368 (Rock)
Phone: (404) 656-1364 (Moeller)
Phone: (404) 656-1352 (Gleason)
Phone: (404) 656-1362 (Rice)
Email: mboutros@ftc.gov
Email: rrock@ftc.gov
Email: mmoeller@ftc.gov
Email: cgleason@ftc.gov
Email: nrice@ftc.gov

**FOR DEFENDANT:**

DATE: August 26, 2024

MELINDA HAAG
Paul, Weiss, Rifkind, Wharton & Garrison LLP
535 Mission Street
San Francisco, CA 94105
(628) 432-5110
mhaag@paulweiss.com

THEODORE V. WELLS JR.
GARY CARNEY
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3089
(212) 373-3051
twells@paulweiss.com
gcarney@paulweiss.com

KENNETH GALLO
2001 K Street, NW
Washington, DC 20006
(202) 223-7356
kgallo@paulweiss.com

Counsel For Invitation Homes Inc.

**DEFENDANT INVITATION HOMES INC.:**

DATE: __8/26/2024__

DALLAS B. TANNER
Chief Executive Officer